IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSE CARPIO ALVARDO,

Petitioner,

v.

Civil Action No. 2:26-cv-937

NEY HILDALGO, *et al.*,

Respondents.

# MEMORANDUM ORDER

Petitioner Jose Carpio Alvardo ("Petitioner"), a noncitizen and detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that he has been unlawfully detained and denied a bond hearing under 8 U.S.C. § 1226. Dkt. No. 1.

Petitioner was taken into ICE custody and has been detained at the Caroline Detention Facility. Dkt. No. 1. Petitioner asks this Court to order his release from ICE custody or, in the alternate, to order a bond hearing under 8 U.S.C. § 1226. The Petition turns on whether Petitioner, as a noncitizen who entered the United States without inspection is entitled to a bond hearing under 8 U.S.C. § 1226(a), or whether he is subject to mandatory detention as provided for in 8 U.S.C. § 1225(b)(2)(A). The Fourth Circuit has now settled that question: "Section 1226, not Section 1225, applies to noncitizens who, like the Petitioner[ ], have been present in the United States for years regardless of how they entered our country." *Lopez Garcia v. Guadian*, No. 25-7044, --- F.4th ----, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

Given the apparent similarities between this case and others pending before the Court, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented

in the present Petition differ in any material fashion from those presented in *Lopez Garcia.* In response, Respondents notified the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Lopez Garcia*" and that the Respondents incorporate their arguments from that case into the record here. Dkt. No. 6; *see Lopez Garcia*, No. 25-7044, Dkt. Nos. 24, 56.

Based on this Court's review of the filings in this case and the arguments made in *Lopez Garcia*, Petitioner is not "seeking admission" for purposes of § 1225(b)(2) and instead falls into the category of "aliens already in the country" subject to the discretionary detention provisions in § 1226(a). Therefore, the Court concludes that 8 U.S.C. § 1226(a) entitles Petitioner to a bond hearing before an Immigration Judge. *See Lopez Garcia*, 2026 WL 2661092, at *6.

The Supreme Court has "long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). "But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Accordingly, the discretionary detention provisions of 8 U.S.C. § 1226(a) apply in this case, and therefore Petitioner's continued detention without a bond hearing is unlawful and violates Petitioner's due process rights.

For these reasons, the Court will GRANT the Petition, and ORDER that Petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order. Respondents are ORDERED to file a status report with this Court within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied,

the case-specific reasons given by the Immigration Judge for that denial.

Let the Clerk of the Court send a copy of this Final Order to all counsel of record and to Petitioner at his address of record.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: September 24, 2026